IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  04-B-2357 (MJW)

CAROLINE ALLEN,

        Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

        Defendant.
_____

## ORDER
_____

This case is before me on a Motion to Dismiss filed by Defendant Metropolitan Life

Insurance Company, as well as a Cross Motion For Determination of a Question of Law filed by

Plaintiff Caroline Allen as part of her Response to Defendant Metlife's Motion to Dismiss.  For

the reasons stated below, I DENY both motions.

### I. BACKGROUND

Plaintiff initially filed this case in Adams County, Colorado, District Court, seeking

damages for negligence in connection with her husband's death against Carole Lee Griffin, the

alleged tortfeasor, and her employer, Broomfield Skilled Nursing and Rehabilitation Center.  The

action included a claim for "bad faith breach of insurance policy" (the Fifth Claim for Relief)

against Defendant Metlife for failure to pay accidental death insurance coverage.  Defendant

responded to the lawsuit on August 27, 2004, by filing the motion to dismiss for failure to state a

claim upon which relief can be granted at issue here.

Thereafter, Plaintiff and the tortfeasor and her employer settled the matter and the state court subsequently signed a stipulated order dismissing the settling defendants with prejudice. Defendant then removed the case to this court based upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff filed a motion seeking remand back to state court, which I denied on February 17, 2005.

As a result, pending before me now is Defendant's motion to dismiss, filed on August 27, 2004, in Adams County District Court. In that motion, Defendant requests dismissal of Plaintiff's remaining claim against it, which is a claim for breach of an insurance policy contract for failure to pay Plaintiff accidental death benefits. Defendant asserts that such claim is precluded by the plain language of the insurance policy. In addition, also pending is Plaintiff's "Cross Motion for Determination of a Question of Law" filed in response to Defendant's motion to dismiss. Because determination of the issues raised requires consideration of factual matters outside of the pleadings, I DENY both motions.

## I. FACTS

As set forth in Plaintiff's complaint, the underlying facts here are as follows. In January 2003, Plaintiff's husband, Louis Allen, suffered a heart attack resulting in anoxic brain injury and leaving him in a vegetative state. On August 9, 2003, while in the care of Broomfield Skilled Nursing and Rehabilitation Center, his internal feeding tube became dislodged. Nurse Griffin negligently reinserted the tube, missing the opening in Mr. Allen's stomach. As a result, feeding solution was pumped directly into Mr. Allen's abdominal cavity. This resulted in an infection known as chemical peritonitis. Mr. Allen subsequently died due to the infection.

Mr. Allen was insured by Defendant. After his death, Defendant paid Plaintiff, as the beneficiary of Mr. Allen's life insurance policy, a death benefit of $88,000. However, Defendant denied Plaintiff's claim for an additional $88,000 the policy provided as an accidental death benefit. In her complaint, Plaintiff asserts that this failure to pay constituted a breach of the insurance policy in that Mr. Allen's "death was accidental, as the phrase 'accidental' is used in the policy, and given the ordinarily and generally accepted use of the phrase." She further asserts that Defendant's "failure to pay this insurance benefit to Plaintiff is arbitrary and capricious and otherwise constitutes bad faith under Colorado insurance law."

In its motion to dismiss Plaintiff's claim, Defendant argues that Plaintiff can prove no set of facts in support of her claim because the plain language at issue in the policy clearly and unambiguously excludes the circumstances of Mr. Allen's death from coverage for accidental benefits. In her response to Defendant's motion to dismiss, Plaintiff "moves for a determination of a question of law" as to whether Defendant waived the coverage defenses set forth in its motion and requests that I rule that Defendant is precluded from advancing the arguments made in its motion to dismiss.

## II. ANALYSIS

Defendant moves for dismissal of Plaintiff's claim against it for failure to state a claim upon which relief can be granted. Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim if it appears beyond doubt that the plaintiff can plead no set of facts in support of his claim which would entitle her to relief. *See* Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957).

In support of its motion to dismiss, Defendant relies upon language in the underlying insurance policy that it asserts precludes Plaintiff's claim. Plaintiff did not refer to or quote the insurance language at issue in her complaint. As a general rule, a motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings. Fed. R. Civ. P. 12(b)(6). However, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss. *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381 (10th Cir.1997); *see also Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994)(noting that documents are not "outside the pleadings" if they are "referred to in the plaintiff's complaint and are central to his claim"). It is within my discretion to consider such materials if a defendant attaches to a Rule 12(b)(6) motion materials referred to by the plaintiff and central to the relevant claim. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).

Here, the insurance policy language relied upon by Defendant is undisputed. Moreover, it is clear that the basis of Plaintiff's breach of contract claim against Defendant is the insurance policy and the provisions that provide her an accidental death benefit. As such, I conclude that specific language of the insurance policy is not "outside of the pleadings" for the purposes of Defendant's Fed. R. Civ. P. 12(b)(6) motion.

However, in response to Defendant's motion, Plaintiff seeks a determination that Defendant is, as a matter of law, precluding from raising the coverage arguments asserted in its motion to dismiss. Plaintiff contends that there are "course of dealing" facts related to the

relevant policy procedures for denying claims and that Defendant's actions after Plaintiff made her

accidental benefits claim resulted in Defendant's waiver of the arguments advanced here.  As

such, Plaintiff relies on additional provisions of the insurance policy and specific factual

allegations in support of her request.  The factual allegations asserted are clearly outside of the

pleadings.

Although "[a] court may convert a Rule 12(b)(6)motion to dismiss into a motion for

summary judgment in order to consider matters outside of the plaintiff's complaint," *Whitesel v.*

*Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000)(*citing Brown v. Zavaras,* 63 F.3d 967, 969

(10th Cir.1995)), I decline to do so here.  *See Lowe v. Town of Fairland, Okl.,* 143 F.3d 1378,

1381 (10th Cir. 1998)(courts have broad discretion in determining whether or not to accept

materials beyond the pleadings).

### III. CONCLUSION

ACCORDINGLY, I DENY Defendant Metlife's Motion To Dismiss, filed with the state

court on August 27, 2004, and DENY Plaintiff's "Cross Motion for Determination of Question of

Law," filed with the state court as part of her Response to Defendant Metlife's Motion to Dismiss

on October 8, 2004.


Dated: August 16, 2005,  in Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE