IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02357-LTB-MJW

CAROLINE ALLEN,

Plaintiff,

v.

METRO LIFE INSURANCE COMPANY,

Defendant.

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL DISCLOSURES AND FOR *IN CAMERA*
INSPECTION INCLUDING MEMORANDUM OF AUTHORITIES (DOCKET NO. 24)
and
ORDER SEALING DOCUMENTS SUBMITTED FOR *IN CAMERA* INSPECTION**

**Entered by U.S. Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Plaintiff's Motion to Compel Disclosures and for *In Camera* Inspection Including Memorandum of Authorities (docket no. 24). The court has reviewed the motion and response thereto.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  Furthermore, the court has considered, *in camera*, the subject documents in dispute.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiff seeks an order by this court compelling Defendant to provide to Plaintiff the following documents from Defendant's privilege log:  documents Bates stamped

2

numbered ML 033-34, ML 060-62, ML 063-70, ML 071-72, ML 073-77, ML 078-84, and ML 085-87.  Defendant argues that the subject documents in dispute are protected and not discoverable under the attorney-client privilege and work product doctrine.  In particular, the Defendant argues that document ML 033-34 is protected and not discoverable under the attorney-client privilege.  As to the remainder of the subject documents in dispute listed above, the Defendant argues that both the attorney-client privilege and the work product doctrine apply, and therefore the remainder of the subject documents in dispute are not discoverable.

    The court first finds that the basis for jurisdiction in this case is diversity jurisdiction.  Thus, state law applies to the determination of whether Defendant is entitled to rely on the attorney-client privilege and work product doctrine.  <u>Lewis v. Unum Life Ins. Co. of Am.</u>, 203 F.R.D. 615, 618 (D. Kan. 2001).

    Second, the court has reviewed, *in camera*, the subject documents in dispute and finds that document ML 033-34 is protected under the attorney-client privilege and that the remainder of the subject documents in dispute listed above are protected by both the attorney-client privilege and the work product doctrine, and therefore the subject documents in dispute are not discoverable.  Furthermore, the court finds that the Plaintiff has failed to demonstrate "substantial need" for such documents as required under Fed. R. Civ. P. 26(b)(3) and has failed to demonstrate that she cannot "obtain the substantial equivalent of the materials by other means."  <u>See</u> <u>National Farmers Union Property & Cas. Co. v. District Court for the City & County of Denver</u>, 718 P.2d 1044, 1047 (Colo. 1986).  <u>See also</u> <u>Upjohn v. United States</u>, 449 U.S. 383

3

(1981); Lazar v. Riggs, 79 P.3d 105 (Colo. 2003).

ORDER

Based upon these findings of fact and conclusions of law, the court ORDERS:

1. That Plaintiff's Motion to Compel Disclosures and for *In Camera* Inspection Including Memorandum of Authorities (docket no. 24) is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent that the documents have been reviewed *in camera*. The motion is denied to the extent that the plaintiff seeks to compel disclosure of the subject documents.

2. That each party shall pay their own attorney fees and costs for this motion.

3. That Defendant's documents that were submitted for *in camera* inspection marked as Bates stamped numbers ML 033-34, ML 060-62, ML 063-70, ML 071-72, ML 073-77, ML 078-84, and ML 085-87 shall be sealed and not opened except by further Order of Court.

Done this 13th day of February 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge