IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 04-cv-02357-LTB-MJW

CAROLINE ALLEN,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.

_____

## ORDER
_____

This case is before me on Plaintiff's Motion to Amend Her Complaint. Oral argument would not materially assist in determination of the motion. After consideration of the motion, related pleadings, and the case file, I grant the motion for the reasons set forth below.

### I. Background

Plaintiff seeks to recover damages from Defendant based on its failure to pay accidental death benefits under a life insurance policy issued to Plaintiff's deceased husband. Plaintiff originally also asserted tort claims against two other defendants relating to the death of her husband. These claims were settled, however, early in the litigation. Plaintiff now seeks to amend her Complaint to reflect the dismissal of these other parties and to state her pending claims against Defendant for breach of contract and bad faith breach of contract as two separate claims for relief. Plaintiff also seeks to delete a number of factual allegations regarding the circumstances of her husband's death and the actions of the dismissed parties.

## II. Standard for Review

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend the pleadings after the time for amending as a matter of course "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In deciding whether to permit a party to amend the pleadings, district courts should consider: 1) undue delay; 2) bad faith or dilatory motive on the part of the movant; 3) repeated failure to cure deficiencies by amendments previously allowed; 4) undue prejudice to the opposing party by virtue of allowance of the amendment; and 5) futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996); *Frank v. U.S. West, Inc.*, 3 F.3rd 1357, 1365 (10th Cir. 1993).

## II. Analysis

Defendant does not object to Plaintiff's motion insofar as it seeks to remove the claims asserted against the dismissed parties and to state her claims against it as two separate claims for relief. Defendant does, however, object to the deletion of a number of factual allegations regarding the circumstances of Plaintiff's husband's death and the actions of the dismissed parties. Specifically, Defendant argues that Plaintiff is precluded from deleting these allegations under the doctrine of judicial estoppel. I disagree.

The principle of judicial estoppel was recently adopted by the Tenth Circuit in *Johnson v. Lindon City Corp.*, 405 F.3d 1065 (10th Cir. 2005). This discretionary remedy is designed to prevent the improper use of the judicial process (*id*. at 1068) and is defined as follows:

> where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

*Id.* at 1069 (*quoting Davis v. Wakalee,* 156 U.S. 680, 689 (1895)).  Accordingly then, the principle of judicial estoppel generally requires application of a three part test.  First, a party must take a position that is clearly inconsistent with a position that the party took previously.  Second, a court must have been persuaded to accept the party's earlier position such that judicial acceptance of the subsequent inconsistent position would create the perception that one of the courts was being misled.  Finally, the party seeking to assert the inconsistent position must derive an unfair advantage or impose an unfair detriment on the opposing party if judicial estoppel is not applied.  *Id.  See also Amer. Guarantee & Liability Ins. Co. v. King,* 97 P.3d 161, 167 (Colo. App. 2003) (setting forth similar considerations for application of doctrine of judicial estoppel under Colorado law).

Here, I am not persuaded that Plaintiff's deletion of the subject factual allegations amounts to the adoption of an inconsistent position.  More importantly, however, there has been no judicial reliance on Plaintiff's factual allegations so as to create an impression that the courts were misled.  As such, the principle of judicial estoppel is inapplicable in this case.

I am likewise not persuaded that Defendant will suffer any undue prejudice as a result of Plaintiff's proposed amendments.  To the extent that Defendant seeks to use Plaintiff's earlier factual allegations as admissions in this case, this objective can be readily accomplished through other means.  Since none of the other factors that weigh against the allowance of an amendment to the pleadings are present, there is no basis on which to deny the requested amendment.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Amend Her Complaint [Doc # 30] is GRANTED.

Dated: February __22__, 2006 in Denver, Colorado.

BY THE COURT:

　　s/Lewis T. Babcock

LEWIS T. BABCOCK, CHIEF JUDGE